UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. BAKER,

    Plaintiff,

v.                                  CASE No. 8:08-CV-566-T-33TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.* Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, I recommend that the Commissioner's decision be reversed and the matter remanded for further consideration.

I.

---

*This matter comes before me pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

The plaintiff, who was fifty years old at the time of the administrative hearing and who has an eighth grade education (Tr. 32), has worked as a truck driver (Tr. 114). He filed a claim for Social Security disability benefits, alleging that he became disabled due to HIV, chronic bronchitis, acid reflux disorder, bulging disc, vertebrae, arthritis, and emphysema (Tr. 106). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff "has the following severe impairments: chronic obstructive pulmonary disorder, emphysema, chronic bronchitis, gastroesophageal reflux disorder, HIV infection, degenerative disc disease, arthritis, headaches, mild carpal tunnel syndrome, and peripheral neuropathy" (Tr. 19). The law judge determined that, due to these impairments, the plaintiff had "the residual functional capacity to perform a wide range of light work with occasionally climbing, balancing, stooping, kneeling, crouching, and crawling, frequent performance of gross manipulations, and avoidance of concentrated exposure to fumes, odors, dusts, gases, and poor ventilation" (Tr. 22). He concluded

that these limitations prevented the plaintiff from returning to past work (Tr. 24). However, the law judge found, upon consideration of the medical-vocational guidelines, that there was other work in the national economy that the plaintiff could perform (Tr. 25). Accordingly, he decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1501 et seq. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If

an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff, employing a scattershot approach, challenges the law judge's decision on eight grounds. Although only one of the plaintiff's arguments has found the target, that is enough to warrant reversal.

The plaintiff contends that the law judge erred when he relied upon the medical-vocational guidelines to determine the existence of work in the national economy that the plaintiff could perform, instead of employing a vocational expert for such a determination (Doc. 14, pp. 13-15). In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

In this case, the law judge's findings reflect three nonexertional impairments. Thus, the law judge found that the plaintiff has occasional postural limitations in "climbing, balancing, stooping, kneeling, crouching

and crawling" (Tr. 22). Such postural restrictions are considered nonexertional limitations. 20 C.F.R. 404.1569a(c)(vi).

The law judge also found that the plaintiff needs to avoid "concentrated exposure to fumes, odors, dusts, gases and poor ventilation" (Tr. 22). Such environmental restrictions are nonexertional limitations. 20 C.F.R. 404.1569a(c)(v).

In addition, the law judge found that the plaintiff was limited to frequent performance of gross manipulations (Tr. 22). This manipulative impairment is also a nonexertional limitation. 20 C.F.R. 404.1569a(c)(vi).

Eleventh Circuit decisions establish that, in light of these three nonexertional limitations, the law judge could not rely upon the grids, but was required to employ a vocational expert. In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. Id. The Eleventh Circuit concluded that this was

reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. Id. at 839. He concluded that the claimant could perform a wide range of light work and therefore it was unnecessary to call a vocational expert. Id. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (id.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do unlimited types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. Allen, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly

compromise his basic work skills or are not severe
enough to preclude him from performing a wide
range of light work is not supported by substantial
evidence unless there is testimony from a
vocational expert. Id. It was therefore error to rely
upon the grids. Sryock v. Heckler, 764 F.2d 834,
836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

Significantly, the law judge recognized the necessity for a vocational expert. Thus, he subpoenaed one to the hearing, but the expert failed to appear, apparently due to weather or traffic problems (Tr. 46). The law judge, nevertheless, went forward with the hearing, most likely since the plaintiff and his attorney were present. However, the law judge's decision to resolve the case without the assistance of a vocational expert was reversible error.

In light of this determination, it is unnecessary to address the plaintiff's other claims. Moreover, most of those claims are properly deemed abandoned as a result of inadequate development. In this case, a scheduling Order was entered which requires the plaintiff to support any challenges "by citations to the record of the pertinent facts" (Doc. 12, p. 2). Aside from citations to the law judge's decision (which were sufficient to support the

challenge to the grids), the plaintiff provided only two citations to the record of the pertinent facts. Those meager citations will not support the plaintiff's challenges to the law judge's findings, particularly since, as indicated, the plaintiff has to show that the evidence compels findings contrary to those made by the law judge.

In all events, the Commissioner's memorandum demonstrates that, aside from the challenge to the use of the grids, the plaintiff's other seven challenges do not warrant reversal.

IV.

For the foregoing reasons, the law judge erred in relying exclusively on the medical-vocational guidelines and in failing to obtain the testimony of a vocational expert concerning the jobs that the plaintiff could perform in the national economy. I, therefore, recommend that the decision be reversed and the case remanded for further consideration.

Respectfully submitted,

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 35, 2009

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).